# CITY OF ST. LOUIS v. ANNEX REALTY COMPANY et al., Appellants.

### Division One, May 27, 1903.

1. **Benefit Assessments:** JUDGMENT: LIMITATIONS. A judgment in a condemnation proceeding to open or widen a street by which special benefits were assessed against property within the benefit district, is not barred by the five-year statute of limitations, but like any other judgment is barred only in ten years. A city can proceed within ten years to enforce such judgment. [Following Eyssell v. St. Louis, 168 Mo. 607.]

2. ———: ———: NEW DEFENSE ON APPEAL. In a suit to enforce the payment of certain benefits assessed against private property in a former condemnation suit, defendants on appeal are not entitled to defend on the ground that the judgment in the condemnation case did not assess any benefits to the public against the city, if no such defense was made in the trial court, and no such point specifically called to the attention of the court in the motions for a new trial.

3. ———: ———: RES ADJUDICATA. A judgment in a condemnation suit determining that benefits should not be assessed to the public against the city, being matters of exception and error, if unappealed from, is final.

4. ———: ———: CHARACTER OF OBJECTIONS. Objections that the judgment of the court in the condemnation suit assessed no benefits to the public against the city, do not go to the validity or regularity of that judgment, and, hence, they can not be considered in a subsequent suit to enforce the payment of the benefits then assessed.

Appeal from St. Louis City Circuit Court.—*Hon. S. P. Spencer,* Judge.

AFFIRMED.

*Wm. F. Smith* for appellants.

(1) The trial court erred in holding that the action of the commissioners in failing to assess any part of the damages against the city generally, and in assessing all the damages against the property-owners, as well as

the taking of their property, did not invalidate the assessment, and that it did not render the condemnation proceeding fatally defective on its face, and the taxbills attempted to be issued, under the ordinances pleaded and city charter, irregular and void. Secs. 5 and 6, art. 6, city charter; Eyssell v. St. Louis, 168 Mo. 607. (2) Even if the court was right in holding that the city acquired a lien on defendants' lots under the proceedings in the condemnation suit, still the court erred in not holding that said lien had expired through the failure of the city to sue to enforce or keep alive the lien, within three years of the date when the lien took effect, which was either November 22, 1893, the date of the final decree in the condemnation suit, or the date the city made the appropriation to pay the award, which was June 30, 1894. Eyssell v. St. Louis, supra; Martin's Ex. v. St. Louis, 139 Mo. 246; Sublett v. Railroad, 69 S. W. 475. (3) Under the undisputed evidence in the case, and under the issues made by the pleadings, the court should have found and held that the city had no lien to enforce therein at the commencement of the suit, nor at the time of the rendering of the judgment, and should have rendered judgment for defendants. Eyssell v. St. Louis, supra.

*Chas. W. Bates* and *Alex. Nicholson* for respondent.

(1) The final determination of the proceedings to widen Iron street under the provisions of the charter of the city of St. Louis is a final judgment. Eyssell v. St. Louis, 168 Mo. 607. (2) Defendants in this action to enforce the collection of the special benefits assessed in the condemnation suit can make no defense which could have been made in the condemnation suit. St. Louis v. Ranken, 96 Mo. 497; Eyssell v. St. Louis, 168 Mo. 619. (3) It follows that the question whether special benefits should have been assessed against the city of St. Louis can not be raised in this action to collect said assessments. Kansas City v. Bacon, 147 Mo. 278.

(4)   Not less than ten years instead of five years is the period of limitation for an action like the present to enforce the collection of an assessment of benefits made in a condemnation proceeding under the charter of the city of St. Louis.   Charter of St. Louis, sec. 5; Eyssell v. St. Louis, 168 Mo. 621.

MARSHALL, J.—This is a proceeding to enforce the payment of certain benefits assessed against lots 21 to 25, inclusive, of city block 2954, in a condemnation suit heretofore prosecuted to a final judgment by the city to widen Iron street from Michigan avenue to Grand avenue, under ordinance 16758.   The defendant, the Annex Realty Company, owns the fee, which is subject to a deed of trust that is held by the other defendants.   The condemnation case was begun on November 14, 1892, the several steps and proceedings taken and had therein were strictly in conformity to the requirements of the law, and the judgment therein on February 6, 1894, was regular and legal on its face.   The defendants did not pay the benefits that were assessed against their said lots by that judgment, and thereupon, on July 10, 1900, the city instituted this proceeding.   The petition is in five counts and is quite lengthy, setting out each step that was taken in the condemnation case. The answer admits that the city is a municipal corporation, and that it is vested with full power as alleged in the petition to open and establish public highways, but denies each and every other allegation of the petition, and denies that the plaintiff is entitled to any judgment. The answer then pleads that this proceeding is barred by the five-year statute of limitations (being sec. 6775, R. S. 1889, now 4273, R. S. 1899).   The case was tried by the court, a jury being waived, and resulted in a judgment for the plaintiff.   The bill of exceptions recites that the plaintiff introduced evidence sustaining all of the allegations of fact contained in the petition, among which was the report of the commissioners, which

Vol 175 mo—5.

showed that there was no assessment for benefits to the public generally made against the city of St. Louis, and that the defendant declined to introduce any testimony. From the judgment the defendants appeal.

## I.

The judgment of the circuit court in this case was rendered prior to the decision of this court in Eyssell v. St. Louis, 168 Mo. 607, and the brief of counsel for the defendant in this case consists chiefly of a re-argument of the points which were adjudicated in the Eyssell case, and especially as to the defense of limitation. The conclusion reached by this court in the Eyssell case was that a judgment in a condemnation case to open or widen a street by which special benefits were assessed against property within the benefit district, was not barred by the five-year statute of limitations, but that the judgment in such a case, like any other judgment, was barred only by the ten-year statute of limitation, and that the city could proceed within said ten years to enforce the judgment. The whole question was fully examined at that time, and the conclusion then arrived at was carefully and deliberately announced, and notwithstanding the able argument of counsel for the defendants in this case, no good reason is apparent for changing the conclusion arrived at in the Eyssell case. It follows that the defense of the statute of limitations is not well taken.

## II.

It is contended, however, that in the Eyssell case this court held that in a proceeding of this character the judgment in the condemnation case "settled all controversies between the parties, as to liability, extent and nature of liability, in fact of every kind and character of question, except the validity and regularity of the proceeding, and the question of the payment and satis-

faction of the judgment,'' and therefore under this rule, the defendants are entitled to defend in this proceeding on the ground that the judgment in the condemnation case did not assess any benefits to the public against the city.

There are several reasons why this contention is untenable in this proceeding:

First. Because no such defense was made in the circuit court, and no such point was specifically called to the attention of the court by the answer or in the motion for a new trial, and therefore it is not open to review in this court. [Alexander v. Hayden, 2 Mo. 211; Boyse v. Burt, 34 Mo. 74; Claflin v. Sylvester, 99 Mo. 276; St. Louis v. Sieferer, 111 Mo. 662; Burdoin v. Trenton, 116 Mo. 358.]

Second. The question of whether the city should be charged with benefits was a question of fact to be determined by the trial of the condemnation case, and the action of the court in that case on that question was a matter of exception and error, which could only be reviewed on appeal or writ of error, prosecuted in the manner prescribed by law. None of which was done. The judgment in the condemnation case, therefore, is final and unappealed from, and foreclosed all such questions as well to assessments against the city as to assessments against the property-holder. [St. Louis v. Rankin, 96 Mo. 497; Michael v. St. Louis, 112 Mo. 610; Buddecke v. Ziegenhein, 122 Mo. 239; Eyssell v. St. Louis, 168 Mo. l. c. 619.]

Third. Such objections do not go to the validity or regularity of the judgment, and the decision in the Eyssell case was not intended to convey any idea that they could be litigated anew upon any such theory.

The judgment of the circuit court is right and it is affirmed. All concur, except *Robinson, J.,* absent.