# THEODOSIA W. PLEADWELL et al., Appellants, v. MISSOURI GLASS COMPANY, Respondent.

### Springfield Court of Appeals, November 10, 1910.

1. **CONTRACTS: Construction: Leases: Special Taxes: Agreement to Pay.** A lease of property for ten years contained the provision that the lessee "agrees to pay all taxes, whether general or special, levied or assessed, against said property or improvements thereon during the said term." *Held,* that this covenant covered a benefit assessment made under a street widening action.

2. **EVIDENCE: Taxes: Contracts: Construction: Oral Testimony.** The term "taxes," both general and special, has a well defined legal meaning, and oral testimony to explain their meaning is not admissible.

3. **MUNICIPAL CORPORATIONS: City of St. Louis: Widening Streets: Taxation.** Under the settled law of this state and the charter of the city of St. Louis, the city is unquestionably authorized to make special assessments upon property benefited for the purpose of paying a part of the cost of widening a street.

4. **CITY OF ST. LOUIS: Municipal Corporations: Taxation: Widening Streets: Benefit District.** The city of St. Louis has the power to establish a benefit district and assess the cost of improving or opening and widening streets against property located in said district.

5. **————: ————: ————: ————: ————: Notice to Property-Owners.** Where under the charter and ordinances of the city of St. Louis, proceedings are commenced for condemning property for the purpose of opening or widening a street, and the commissioners undertake to form a benefit district and make assessments against the property in the district to cover the cost of improvements, the owners of the property so assessed are entitled to notice, but the notice need not be personal. Notice by publication to the property-owners, as provided by ordinance, is sufficient, and it is not even necessary that the property-owners be named in the publication. The publication should contain a sufficient designation of the disstrict and an opportunity given the property-owners to be heard before final action, and this is all that is required.

6. **————: ————: ————: ————: Collecting Assessments.** The ordinances of the city of St. Louis, relating to making and collecting assessments on property within a benefit district on account of street opening proceedings are *held* to apply also to street widening proceedings.

Pleadwell et al. v. Glass Co.

7. **MUNICIPAL CORPORATIONS: Widening Streets: Benefit Assessments: Judgment: Statute of Limitations.** The judgment of the circuit court, approving the report of the commissioners in a street widening proceeding, is a final judgment so far as the condemnation proceeding is concerned, but it is not a final judgment so far as the collection of the assessments against the property in the benefit district is concerned, for before that assessment can be collected by law a suit must be brought upon the taxbill issued under the ordinances of the city. Hence, the statute of limitations of three years, relating to the lien of a judgment on the real estate does not begin to run until after the judgment on the taxbill.

8. **STATUTE OF LIMITATIONS: City of St. Louis: Municipal Corporations: Taxbills.** Section 26, article 6, of the charter of the city of St. Louis, provides for a two years limitation on taxbills, for sewers and street improvements, such as grading curbing, etc., but, this provision will not be extended beyond its express terms, and it will not be construed as applying to taxbills issued for special·assessment against property in a benefit district, in a proceeding for widening a street, and there being no special limitation for such taxbills the general statute of five years will be held to apply.

9. **TAXBILLS: Special Assessments: Judgments: Action in Rem.** While actions on taxbills covering special assessments for public improvements are brought against the owner of the land, yet the proceedings are *in rem* and the judgment must be collected from the property itself, and cannot be made a personal obligation against the owner of the property.

10. **REAL PROPERTY: Leases: Covenant to Pay Taxes: Covenants Running With the Land.** An agreement in a lease whereby the lessee covenants to pay all taxes and special assessments against the property, being for the purpose of protecting the title of the property against the lien for taxes, is therefore a covenant running with the land, and the heirs of the original lessor, upon paying a special assessment to protect their title, have a right of action againt the lessee on the covenant.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel G. Taylor,* Judge.

REVERSED AND REMANDED.

*J. L. Hornsby* for appellants.

(1) The assessment of benefits for the opening or widening of a street is a special tax, and the city of St. Louis is authorized, under its charter and ordinances, to issue a special taxbill therefor. St. Louis v. Brinkwirth, 102 S. W. 1091; City v. Ranken, 96 Mo. 500; Newby v. Platte, 25 Mo. 264; Garrett v. City, 25 Mo. 505; Uhrig v. City, 44 Mo. 172; Thomas v. Hooker-Colville, 22 Mo. App. 8, 28 Mo. App. 563; Charter City of St. Louis, art. 6, sec. 5; Municipal ˮCode of St. Louis, secs. 875 to 879; Clemens v. Knox, 30 Mo. App. 185; Lucas v. McCann, 50 Mo. App. 638. (2) This special tax for benefits in street openings creates no personal liability on the owner; there can be no personal judgment against the owner; it is in the nature of a proceeding *in rem* with a special lien against the property. Neenan v. Smith, 50 Mo. 530; City v. Allen, 53 Mo. 50; Corlin v. Cavender, 56 Mo. 289; Strassheim v. Jerman, 56 Mo. 106; State ex rel. v. Snyder, 139 Mo. 549; Burroughs on Taxation, sec. 7; Municipal Code of St. Louis, sec. 876; Clinton v. Henry Co., 115 Mo. 570; Kansas City v. Duncan, 135 Mo. 583; St. Louis v. Brown, 155 Mo. 561; Allen v. McCabe, 93 Mo. 135. (3) The tax assessed for street openings and that assessed for street improvements are analogous, both being a tax for local improvements, and an exercise of the taxing power. Moberly v. Hogan, 131 Mo. 23; St. Louis v. Brown, 155 Mo. 560; Barber Asphalt Co. v. St. Joseph, 183 Mo. 457. (4) The lien of the special taxbill continues at least for five years. 25 Am. and Eng. Ency. Law (2 Ed.), 1235, 1232; Turner v. Burns, 42 Mo. App. 94; City v. Newman, 45 Mo. 138; Kansas City v. Security Co., 71 Mo. App. 315; R. S. 1899, sec. 9313; Boyd v. Ellis, 107 Mo. 401; Fleckenstein v. Baxter, 114 Mo. 496. (5) Assessment of benefits for widening a street are expressly authorized by the charter of the city of St. Louis. City charter, art. 6, sec. 2, art 3, sec.

26; and special taxbills issued for such benefits have been repeatedly sustained. The following are cases founded on special taxes for the widening of streets. City v. Rankin, 96 Mo. 497; City v. Brown, 155 Mo. 545; City v. Realty Co., 175 Mo. 63. (6) Plaintiffs having been compelled to pay this special taxbill in order to protect their property are entitled to recover the amount thereof of defendant which had obligated itself to pay the same. The broad doctrine of subrogation or substitution applies, whereby one, who, in order to protect his own interest or estate in property, is required to pay a debt for which another is liable, may recover of such other. Sheldon on Subrogation, sec. 3; Dunlop v. James, 174 N. Y. 411; Wills v. Summers, 45 Minn. 90; Mason v. Smith, 131 Mass. 510; Alford v. Argue, 28 Hun. 22; Barron v. Whiteside, 89 Md. 459; Iron City Tool Works v. Long (Pa.), 7 Atl. Rep. 82; Lageman v. Kloppenburg, 2 E. D. Smith 126; Harvey v. Warren, 31 Neb. 155; Rawle v. Renshaw, 15 Pa. Super Ct. 488; note to Am. Bonding Co. v. Bank, 99 Am. St. Rep. 476. (7) But, furthermore, plaintiffs as devisees of Marie Patterson, lessor, would be entitled to recover of defendant on its covenant to pay this special tax, being owners of the property when the substantial breach of the covenant, the payment of the tax, occurred. Hendrix v. Dickson, 69 Mo. App. 197; 2 Platt on Leases, 360; Allen v. Kennedy, 91 Mo. 324; Buren v. Hubbell, 54 Mo. App. 617; Langenberg v. Dry Goods Co., 74 Mo. App. 12; Winningham v. Pennock, 36 Mo. App. 688; Wood on Landlord and Tenant, sec. 352.

*P. R. Flitcraft* and *Klein & Hough* for respondent.

(1) The lease containing the covenant sued on in this case having expired by limitation before the death of Marie E. Patterson, and before the plaintiffs acquired any title to the premises, and before the money was paid by the plaintiffs, for the recovery of which this suit is brought, the plaintiffs are not entitled to

recover. 1 Macadam, Landlord and Tenant 64; 5 Ency. Pl. and Pr. 354, 355; Bennett v. Irwin, 3 John. 362; 2 Taylor on Landlord and Tenant, secs. 445, 667; Eyssell v. St. Louis, 168 Mo. 607; Haeussler v. Box Co., 49 Mo. App. 631. (2) If it was a tax, general or special, due to the city of St. Louis, it was the plain duty of the executor of Marie E. Patterson's estate to pay the same without demand, out of her personal estate. R. S. 1899, sec. 184. (3) If the defendant was liable under the terms of the covenant to pay the amount of the assessment, a failure on its part to pay the same when the same was due and payable created at once a substantial breach of the covenant and entitled Marie E. Patterson, the lessor, to maintain an action against the defendant, either before or after she paid the amount for the full amount of the assessment; the right of action having become vested in her no new right arose in favor of plaintiffs. Fontaine v. Lumber Co., 109 Mo. 55; Broadwell v. Banks, 134 Fed. 476; Ham v. Hill, 29 Mo. 275; Rowney v. Lynch, 61 Mo. 560; 1 MacAdam, Landlord and Tenant 418.

COX, J.—Marie E. Patterson, as owner, leased to defendant for a period of ten years from June 1, 1893, the premises at the southeast corner of Twelfth and Olive streets in the city of St. Louis. The lease contained the following clause:

"The party of the second part (the defendant), its successors and assigns, hereby agrees to pay all taxes, whether general or special, levied or assessed against said property or improvements thereon during said term."

On February 24, 1898, the city of St. Louis instituted a proceeding under the provisions of its charter against Alanson D. Brown and others for the widening of Twelfth street between Saint Charles street and Washington avenue. The defendant was not made a party to this proceeding; neither was any part of the

property covered by the lease aforesaid condemned for the purposes of widening the street. In the proceeding the court appointed commissioners who viewed the property, ascertained its value, assessed the damages and apportioned the same to the city for the amount of benefit to the public generally, and for the remainder of the damages established a benefit district which district included the property covered by the lease aforesaid, and assessed the remainder of the damages pro rata against each piece of property in the said benefit district as in the opinion of the commissioners was proper. The report of the commissioners was filed in the circuit court, was by the court approved, and on April 3, 1899, final judgment was rendered thereon. The further proceedings as provided by the charter and ordinances of the city resulted in the issuing of a taxbill in the name of the city against the property described in the lease in the name of Marie E. Patterson, as owner dated April 9, 1901, for the pro rata share of the benefits assessed against this property. Notice of the issuing of this taxbill was published on April 26, 1901. The lease aforementioned terminated May 31, 1903. The lessor, Marie E. Patterson, died testate on the 9th day of March, 1904, and by her will devised the property described in the lease to the plaintiffs in this case, Theodosia Wallace Pleadwell and Henrietta Wallace. The assessment aforementioned had not been paid; neither was the taxbill paid until December 21, 1904, at which date the plaintiffs in this case paid the same which then amounted to $2935.85, then brought this suit against defendant to recover the sum so paid, and based their right of recovery upon the clause in the lease heretofore set out.

The petition in this case, alleged substantially the foregoing facts. That the charter and ordinances of the city had been complied with. That the plaintiffs were compelled to pay the sum aforesaid in order to protect the title to their property. That the same be-

ing a special tax, the defendant was bound by the covenant of its lease to pay the same, and having failed to do so, asked for judgment for said sum. The answer was a general denial; also a repetition of the proceedings set out in plaintiffs' petition, and the plea of the two years Statute of Limitations; that the taxbill was issued without any authority; that the judgment of the circuit court approving the report of the commissioners had been rendered more than three years before the payment by plaintiffs, and that the lien of said judgment had expired, and, therefore, plaintiffs' payment was a voluntary one for which they cannot now recover. That the lien of the taxbill, if it was a lien, was merged in the judgment, and that the charge represented by the taxbill was not contemplated by the parties at the time of the execution of the lease and was not embraced within its covenants. That the city had not provided, by ordinances, or in any other manner, the method of collecting such sums as might be assessed against the owners of property especially benefited by the widening of the streets, and for that reason, no cause of action could accrue to plaintiffs by the payment of the amount so assessed. The reply was a general denial. Trial was had by the court, and at the conclusion of all the testimony the court gave the following declaration of law which is the only declaration given, to-wit:

"The court declares the law to be that notwithstanding the assessment or charge made or lien created against the property described in the petition by virtue of the proceeding to widen Twelfth street was a "special tax" within the meaning of the covenant to pay taxes which is the basis of this suit, yet under the law and all the evidence plaintiff is not entitled to recover in this case."

The court then rendered judgment in favor of defendant, and plaintiffs have appealed.

The first question to be determined is whether or not the clause in the lease by which the lessee agrees to pay all taxes, whether general or special, levied or assessed against the property during the continuance of his lease, covers an assessment by way of benefits for widening Twelfth street. Upon the trial of the case plaintiffs offered, and the court admitted over the objection of defendant, testimony tending to show that the term "special tax" was generally understood by the lessors and lessees of the property in the city of Saint Louis to cover a benefit assessment under a street widening action. Defendant also offered testimony upon this question, but, as indicated by the declaration of law given by the court, the court found that the assessment in this case was covered by the covenant in the lease. Whether this finding was based upon the testimony or whether the court concluded that as a matter of law the lease should be so construed without the aid of oral testimony does not appear. Our judgment is that this oral testimony should not have been admitted. That the defendant was right in its contention that the terms, taxes, both general and special, have a well defined legal meaning, and oral testimony to explain their meaning was inadmissible in this case, but as the court found as a matter of fact that the covenant in the lease did cover the assessment mentioned in this case the error in the admission of this testimony was harmless.

Under the settled law in this state and the charter of the city of St. Louis, the city was unquestionably authorized to make the special assessment upon property benefited for the purpose of paying a part of the cost of widening this street, and in doing so there is no question that the city was exercising its taxing power. [Garrett v. St. Louis, 25 Mo. 505; Heman v. Allen, 156 Mo. 534, 57 S. W. 559; Barber Asphalt Co. v. French, 158 Mo. 534, 58 S. W. 934; Barber Asphalt Co. v. French, 181 U. S. 324; Meier v. St. Louis, 180 Mo. 391, 79 S. W. 955.] This being true it follows that the as-

sessment was a tax and was covered by the covenant in the lease, hence, if the assessment was properly made against the property covered by this lease it was the duty of defendant to have paid it. Whether the assessment was properly made depends upon whether the charter and ordinances of the city were complied with, and whether the power rested in the city to establish a benefit district which would include this property. That the city can establish a benefit district and assess the cost of improvements against property located in said district is also well settled by the adjudications in this state. [Meier v. St. Louis, supra, and cases there cited.]

It is contended by respondent that the defendant cannot be made liable for the amount assessed against the property covered by its lease for the reason that it was not made a party to the proceedings at any stage. With this contention we do not agree. It was not necessary that the defendant or the owner of the property covered by the lease should be made a party to the condemnation part of the proceeding for the reason that no part of the property covered by this lease was sought to be condemned. Defendant was, however, entitled to notice and an opportunity to be heard when the commissioners undertook to form a benefit district and to assess a portion of the cost of the improvements against the property covered by the lease. It does not follow, however, that defendant was entitled to personal service. Notice was given by publication as provided by the city ordinances and was sufficient. It was not necessary that defendant or the owner of the property covered by the lease should be named in the published notice. Publication of notice to the property owners within the district, with a sufficient designation of the district to notify the parties interested that their property was within the district, and an opportunity to the property owners to be heard before final action was all that was required. [St. Louis v. Ranken, 96 Mo. 497,

9 S. W. 910; Meier v. St. Louis, 180 Mo. 391, 79 S. W. 955; St. Louis v. Brinckwirth, 204 Mo. 280, 102 S. W. 1091; Construction Co. v. Shovel Co., 211 Mo. 524, 111 S. W. 86; St. Louis v. Calhoun, 222 Mo. 44, 120 S. W. 1152.]

Respondent also contends that the charter of the city of Saint Louis provides that assessments of benefits to pay damages caused by proceedings to widen a street shall be collected as provided by ordinance, and that the city has not made such provision by ordinance; therefore, the assessment made in this case could not be collected and hence, the plaintiffs were under no obligation to pay it. This contention is based upon section 5, article 6 of the charter of the city of Saint Louis which, after prescribing the duty of the commissioners appointed by the circuit court in relation to the assessment of benefits against property which, in the opinion of the commissioners, shall be benefited by the improvement, provides that the sums to be paid by the owners of property especially benefited by the improvement as ascertained by the commissioners shall be a lien upon the property so charged and "shall be collected as provided by ordinance." The ordinance of the city relied upon by plaintiffs in this case and which respondent now contends does not provide for the collection of benefit assessments in street widening proceedings reads in part as follows:

"Section 876. Duties of Commissioners: It shall be the duty of commissioners appointed in street opening proceedings to ascertain the actual value of the land in the premises, etc. . . . " Then follows the provision for assessing damages to the city to the amount of benefit to the public generally and balance against all property within a district to be ascertained and defined by the commissioners; also a provision that before the commissioners shall assess benefits against property in the district established as aforesaid the city counsellor shall give five days' notice in the papers

doing the city printing of the establishment of the district, of the boundaries thereof, and of the time and place, when and where the commissioners will proceed to assess said benefits, inviting all persons interested to be present, etc. The contention is now made that because the language of this ordinance is "in any street opening proceeding" that it does not apply to a street widening proceeding. We do not think this position well taken. A proceeding to widen a street is the same as a proceeding to open a street. It is so classed in the charter of the city and we think may with propriety be termed an additional opening of the street and see no reason why all provisions and ordinances which apply in a general way to proceedings to open streets should not also apply to proceedings to widen streets, unless the language of the ordinance itself restricts its application to the proceedings to open new streets, and the ordinances to be here construed are not so restricted. Furthermore, proceedings of this character have been recognized by the courts as binding and valid. While the exact point now raised by respondent in this case was not raised in any cases appealed from judgments in proceedings to widen streets, yet the fact that in a great number of cases the proceedings to widen streets have been conducted under this ordinance, or a similar one, and for years has been recognized by the courts as applying to street widening proceedings, and as, in our judgment, sound reason is on the side of upholding this proceeding, the contention of respondent on this question shall be ruled against it. For some of the cases in which proceedings similar to this have been upheld in street widening proceedings reference is made to the following cases: City v. Ranken, 96 Mo. 497, 9 S. W. 910; City v. Brown, 155 Mo. 545, 56 S. W. 298; St. Louis v. Abeln, 170 Mo. 318, 70 S. W. 708; City v. Annex Realty Co., 175 Mo. 63, 70 S. W. 961.

The next contention of respondent is that the judgment of the trial court was right for the reason that the judgment of the circuit court approving the report of the commissioners was a final judgment whose lien expired in three years after its rendition and as it was rendered more than three years before plaintiffs paid the assessment against this property it was not at the time they paid it a lien upon the property, and, therefore, the payment was a voluntary one for which they cannot recover.  This contention is supported by the case of Eyssell v. City of Saint Louis, 168 Mo. 607, 68 S. W. 893, which was followed by the City v. The Annex Realty Co., 175 Mo. 63, 74 S. W. 961, but on that question these cases were overruled by the case of City v. Brinckwirth, 204 Mo. 280, 102 S. W. 1091, in which it was held that the Eyssell case was in conflict with the case of the City v. Ranken, 96 Mo. 497, 9 S. W. 910, and  the holding in the Ranken case was upheld, and the court in the Brinckwirth case held that the judgment of the circuit court approving the report of the commissioners was only final as far as the condemnation proceeding was concerned which included the condemnation of the property taken and the assessment of the damages therefor and its apportionment against the city and the property included in the benefit district, but held further that it was not a final judgment so far as the collection  of  the  assessment against the property in the benefit district was concerned, but as to that property the report of the commissioners amounted only to an assessment and the approval of that report by the circuit court was simply a review of the assessment made by the commissioners and that before the assessment could be collected suit must be brought upon the taxbill issued under the ordinances of the city.  This is the latest decision of the Supreme Court upon this question and we are bound by it.  Furthermore, we are in complete accord with it

and think it correctly declares the law upon that question.

Respondent contends that the action is barred by both the two years and the three years Statutes of Limitations. The two years Statute of Limitations is found in section 26 of article 6 of the charter of the city of Saint Louis which is as follows:

"Whenever any such special taxbill issued heretofore, or hereafter to be issued, shall be paid it shall be entered satisfied on the register in the comptroller's office and any bill that is not entered satisfied within two years after its date, unless proceeding in law shall have been commenced to collect the same within that time, and shall be still pending the lien shall be destroyed and of no effect against the land charged therewith." The taxbills mentioned in this section are those bills which are issued for sewers and street improvements such as grading, curbing, etc., and does not apply to taxbills issued for benefit assessments in a proceeding of the character now under consideration. The provision of the charter is that assessments of this character shall be collected as provided by ordinances, hence, the entire matter of the collection of this assessment is left to the provisions of the ordinances of the city and unless the ordinances of the city provide a limitation the taxbills issued under this proceeding would come under the general Statute of Limitations and will not be governed by the provisions of the city charter. These special provisions for limitations of actions being restrictive in their nature will not be extended beyond their express terms, hence, this provision in the city charter must be limited to those taxbills which are provided for in the city charter and in the absence of an express provision extending it to taxbills provided for by city ordinances it cannot be held to extend to said taxbills. As neither the charter nor the city ordinances provide a limitation the general statutes apply, and as the liability upon the taxbill

is one created by statute the five years' statute applies
and this action is not barred. [Turner v. Burns, 42
Mo. App. 94.]

Respondent contends that the judgment of con-
demnation and the assessment of benefits was a per-
sonal judgment against the owner, the lien of which
expired in three years, and for that reason the assess-
ment was not a lien against the property at the time
plaintiffs paid it and they were, therefore, volunteers
in paying it. The case of City of Saint Louis v. Brinck-
wirth, supra, settles this proposition against the re-
spondent, for under the authority of that case there
was no judgment for the collection of this benefit as-
sessment at all and could have been none until judg-
ment should be rendered upon the taxbill sued upon in
this case.

Finally it is contended by respondent that even if
the assessment of this case was covered by the cove-
nant of the lease the assessment having been made the
taxbill issued during the life of the lease and the lease
having expired during the life of plaintiffs' ancestor,
Marie E. Patterson, that the cause of action, if any,
accrued to said Marie E. Patterson and was not trans-
ferred to plaintiffs by her will, and, therefore, plain-
tiffs cannot recover in this action. The solution of this
question depends upon whether or not the covenant
in the lease is one which runs with the land, or whether
a breach of that covenant simply gives a right of action
to the lessor. From what we have said heretofore in
the discussion of this case it follows that under the pro-
visions of the charter of the city of Saint Louis the as-
sessment of this benefit was a lien upon the property
from the date of the approval of the report of the com-
missioners and being a lien upon the land it follows
that plaintiffs' title to the land was liable to be ex-
tinguished by a suit upon the taxbill and the sale of the
land under it. There could be no personal judgment in
any proceeding to collect this benefit assessment. While

such a proceeding is brought against the owner of the land yet as to its enforcement it is a proceeding *in rem* and must be collected from the property itself, and cannot be made a personal obligation against the owner of the property. [Neenan v. Smith, 50 Mo. 525; City v. Allen, 53 Mo. 44; Corlin v. Cavender, 56 Mo. 286; Strassheim v. Jerman, 56 Mo. 104; State ex rel. Hayes v. Snyder, 139 Mo. 549, 41 S. W. 216; Saint Louis v. Brown, 155 Mo. 545, 56 S. W. 298; Allen v. McCabe, 93 Mo. 138, 6 S. W. 62.] From this it must be held that the contract of defendant in this case by which it agreed to pay all taxes, both general and special, levied or assessed against this property during the term of its lease was made for the purpose of protecting the title to the property against the lien of all taxes. That being true the covenant is one that runs with the land. [Hendrix v. Dickson, 69 Mo. App. 197.] And it was the duty of the defendant to pay every legal assessment of taxes, whether general or special, against this property, and having failed to do so, the plaintiffs, who were at the time the owners of the property, had the right to make the payment to protect the title to their property and then to force reimbursement at the hands of the defendant under the broad doctrine of subrogation which requires a party primarily liable to pay an obligation which is a lien upon real estate to reimburse any one who may be required to pay said obligation in order to protect his title to the property. And for the further reason that the substantial breach of the covenant occurred when the taxbill was paid by plaintiffs. [Winningham v. Pennock, 36 Mo. App. 688.] Hence, plaintiffs are the parties entitled to substantial damages on account of the breach.

It seems clear to us that the assessment made in this case was a special tax; that it was a lien upon this real estate and that plaintiffs were fully justified in making the payment which they did make in order to

protect their title and that the judgment of the circuit court rendered in favor of defendant was wrong.

Appellant insists that not only is the judgment wrong but that the trial court committed error in excluding the ordinances of the city offered in evidence by the plaintiffs which provide the manner in which the taxbill sued upon in this case may be collected. The trial court excluded these ordinances for the reason that they did not apply to a street widening proceeding. What we have already said indicates that in our judgment the ruling of the court was wrong upon this question, and upon a retrial of this case these ordinances should be admitted.

For the errors noted the judgment will be reversed and the cause remanded. All concur.