Cochran v. People's Railway Company, *Appellant.*

Division Two, December 17, 1895.

1. Contract: DAMAGES: EVIDENCE. In an action brought by the builder on a building contract where the defendant claims damages for delay in the completion of the work, it is error to admit evidence that such delay was caused by bad weather, there being no provision therefor in the contract.

2. Practice: EVIDENCE: INSTRUCTION. Error in the admission of evidence will be cured by an instruction which in effect directs the jury to disregard it.

3. Appellate Practice: VERDICT. The fact that the verdict on an issue of damages for breach of contract is for less than the amount testified to by any of the witnesses *held* to constitute no ground for reversing the judgment.

*Appeal from St. Louis City Circuit Court.*

AFFIRMED.

*James R. Kinealy* for appellant.

(1)   The verdict of the jury on the second counterclaim was against the evidence and was unsupported by any evidence inasmuch as the only testimony fixing the value of the money damages sustained under the second counterclaim was disregarded by the jury, and because of this the verdict should be set aside.   *Watson v. Harmon*, 85 Mo. 447; *Shropshire v. Doxey*, 25 Tex. 127; *Nicholson v. Crouch*, 72 Mo. 209; *Fury v. Merriman*, 45 Mo. 500; *Faucett v. Woods*, 5 Iowa, 400; *Hood v. Ware,* 34 Ga. 329; *Waufle v. McLellan*, 51 Wis. 484; *Emmons v. Sheldon*, 26 Wis. 648.   (2)   The court erred in permitting evidence to come before the jury concerning the weather which prevailed while the building was going on, and its effect on the woodwork. *Miller v. Railroad*, 1 Mo. App. 474; *Smith v. Davis*, 15 Mo. 467; *White v. Railroad*, 19 Mo. App. 400; *Fulkerson v. Eads*, 19 Mo. App. 620; *Hall v. School District*, 24 Mo. App. 213; Angell on Carriers, 294; *Harrison v. Railroad*, 74 Mo. 364; *Harmony v. Bingham*, 2 Kernan (N. Y.), 99.

*W. M. Kinsey* and *F. E. Richey* for respondent.

(1)   While in a contract for the erection of a building within a fixed time, the builder is not excused from performing such contract, within the time specified, by the fact that bad weather delayed his work, neither is he responsible for the injurious effect of such weather upon the building, if his work is done according to agreement.   Both the owner and the builder are presumed in law to have assumed risks incident to the weather.   Hence, under the second counterclaim, evidence showing bad weather resulting in damp walls and the effect of such walls upon woodwork afterward

subjected to heat, was admissible, especially where it it appeared that but for delays in the work, occasioned by the owner himself, the builder could have easily sheltered the building from such weather. (2) There is no provision in the contract sued upon requiring respondent to protect the building from the effect of weather during its construction, or to deliver it, when complete, free of such effect. (3) A verdict will not be set aside for inadequacy of damages, if other causes than the act of the defendant were instrumental in bringing about the damage. *Phillips v. Phillips*, 34 N. J. L. 208. In an action on contract, the verdict of the jury will not be set aside for inadequacy of damages, if the conclusion arrived at by the jury can be inferred from all the facts and circumstances in evidence in the case, and was reached without bias, prejudice, or passion. (4) There is no express provision in the contract or in the specifications read in evidence requiring respondent to either execute the work in a workmanlike manner, or to furnish thoroughly seasoned and dry lumber, except in that portion of the specifications relating to doors requiring them "to be thoroughly seasoned—kiln dry."

BURGESS, J.—This case was before this court on a former occasion (113 Mo. 359) to which reference may be had for a statement of its salient facts. The judgment was then reversed and the cause remanded for a new trial. Before the second trial plaintiff filed an amended reply to the amended answer, admitting that defendant was entitled to a credit of $299.50 claimed in the answer, but denied the allegations with respect of the counterclaims.

The case was tried before a jury, which returned a verdict in favor of plaintiff in the sum of $3,565.18,

VOL. 131 mo—39

less $150 allowed defendant on its first counterclaim, and $100 on its second counterclaim. Defendant appealed.

The only errors complained of on this appeal are as follows: *First*, that the court below erred in admitting any evidence concerning the weather or the effect of rain on woodwork; *second*, that the verdict of the jury was erroneous in finding on the counterclaim for damages to the woodwork only the sum of $100, when there was no evidence before them as to the amounts showing the damages from such causes to be less than $320.

During the trial plaintiff, over the objection of defendant, was permitted to prove that there was much bad weather between the seventeenth of November and the fifteenth of December, during which time the building was not roofed in, and in this committed error. Under the first counterclaim in which damages are claimed because of plaintiff's failure to complete the building on or before the fifteenth day of December, according to the terms of his contract, such evidence was clearly inadmissible. The only way he could have protected himself against such contingencies, was to have done so by contract. *Davis' Adm'r v. Smith*, 15 Mo. 468; *Shouse v. Neiswaanger*, 18 Mo. App. 236. But this he did not do. The ruling of the court on this question in so far as this evidence was inapplicable to the first counterclaim was corrected by an instruction given at the instance of the defendant by which the jury were told, that the plaintiff was not entitled to any credit for delays caused by bad weather. This was in effect telling them to disregard such evidence with respect of that counterclaim, and confining it to the second counterclaim under which it was clearly admissible, thus curing any error in the admission of the evidence under the first counterclaim.

In the second counterclaim damages are claimed in the sum of $500 for failure of plaintiff to furnish proper materials for the building according to the contract, inferior grade of the woodwork, which it is averred was not done in a workmanlike manner but is shrunken and disjointed, unfitness of the windows for use, and defectiveness of the plastering. It is argued by defendant that under this counterclaim the verdict of the jury which allowed defendant $100 damages was against the evidence, and for that reason, also, the judgment should be reversed.

This contention is predicated upon the ground that while there was evidence estimating defendant's damages under that counterclaim at a much larger sum than $320, there was no evidence placing the damages at a less sum. There was no certain or fixed method by which the damages could be definitely ascertained, and the evidence of the witnesses with respect thereto was merely approximate.

The jury were the sole judges of the weight of the evidence and the credibility of the witnesses, and with the exercise of their judgment the court ought not to interfere, unless the result of their finding be in excess of that which is sanctioned by law, reason, and justice. The witnesses went into details as to the facts and circumstances upon which they based their opinions with respect to the amount of damages, all of which were before the jury and court, and we are not prepared to say that the verdict was so far unsupported by the evidence as to justify this court on a second appeal to interfere with the judgment on that ground, especially after the trial court has refused to set the verdict aside. The judgment is affirmed. GANTT, P. J., and SHERWOOD, J., concur.