WILSON & McCONNEL, Respondents, v. STANDARD
OPERATING COMPANY, Appellant.

Kansas City Court of Appeals, March 3, 1902.

Appellate Practice: SAME THEORY ABOVE AND BELOW. Appel-
lant tried its case on the theory that plaintiffs did the work for
which they sought compensation jointly with others. In the appel-
late court it raises the question for the first time of the authority
of its agents to make the contract sued on. *Held*, that latter con-
tention can not be considered in the appellate court.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins*
Judge.

AFFIRMED.

*L. P. Cunningham* and *Thos. Dolan* for appellant.

Neither Patton, by virtue of his position as manager,
nor Dodge by virtue of his position as vice-president of the
company, were authorized to employ brokers to sell the mine
which was the entire property of the corporation. Hyde v.
Larkin, 35 Mo. App. 365; Winsor v. Bank, 18 Mo. App.
665; Barcus v. Railroad, 26 Mo. 102; State ex rel. v. Lockett,
54 Mo. App. 202; Hill v. Mining Co., 119 Mo. 9; State ex
rel. v. Wray, 55 Mo. App. 646.

*W. R. Robertson* and *Howard Gray* for respondents.

(1) The appellant in his statement says: "The ap-
pellant seeks a reversal of this judgment for the reason that
there was no employment of respondents by any one authorized
to act for the appellant corporation." This is the only reason

assigned why the judgment should be reversed. The court will search the record from the beginning to the ending, and not a word can be found where any such a question was raised in the trial court. (2) These facts alone must result in the affirmance of the judgment, as the appellate court will not reverse a judgment on a point that was not expressly decided by the trial court. Sec. 864, R. S. 1899; Pattison v. Letton, 56 Mo. App. 325; Haniford v. City of Kansas, 103 Mo. 172; Burdoin v. Town of Trenton, 116 Mo. 358. (3) In the trial court the defendant sought to defeat plaintiffs' demand by attempting to show payment, and that they abandoned their contract and also that there was a time in which they were to find a purchaser and that it had expired. No other defense was raised either by the testimony or instructions. A party can not try his case on one theory in the trial court and upon another on appeal. Mantz v. Maguire, 52 Mo. App. 136; Querback v. Arnold, 55 Mo. App. 286; Witascheck v. Glass, 46 Mo. App. 209.

ELLISON, J.—This action was brought to recover from defendant a commission for the sale of certain mining interests and mining plant. The plaintiff recovered in the trial court.

Defendant is a corporation and bases its claim for a reversal of the judgment on the ground that there was no authority in defendant's agents or officers to employ plaintiff to negotiate a sale of the property aforesaid. The plaintiff meets this point on the ground that no such issue was tried, nor was such issue raised in the circuit court. If this be true we must refuse to consider it here. Sec. 864, R. S. 1899; Pattison v. Letton, 56 Mo. App. 325, 336; Haniford v. City of Kansas, 103 Mo. 172; Burdoin v. Town of Trenton, 116 Mo. 358.

The theory now advanced is not the one upon which the case was tried. Mantz v. Maguire, 52 Mo. App. 136; Querback v. Arnold, 55 Mo. App. 286; Witascheck v. Glass, 46 Mo.

App. 209.   The answer of defendant on which the case was tried was a general denial, and there was a demurrer to the evidence submitted in plaintiff's behalf.  There was an answer filed by defendant and withdrawn just before the trial, in which, coupled with a general denial of the petition, there was other matter set up whereby the sale alleged by plaintiff was admitted.  This was introduced in evidence by plaintiff. The defense, as disclosed by the record, including the instructions for defendant, was that whatever plaintiff did in making the sale was "in conjunction and conjointly with or through" one Andrews.  And that afterwards "defendant paid to said Andrews, for negotiating and making said sale, a commission and compensation of one thousand dollars."  In such circumstances it is not allowable for defendant to come here with a complaint which was never broached to the trial court.  The mere filing of a general demurrer to the evidence does not raise up issues which have been cut out by admissions.  The whole record here shows affirmatively that the demurrer did not cover the point now made, and was not so intended.  The judgment will be affirmed.  All concur.