SCHIBEL et al. v. MERRILL et al., Appellants.

Division Two, December 24, 1904.

1. **TAXBILLS: Validity: Filing Objection Before Board.** The failure to file objections to special taxbills issued in payment of a public improvement before the board of public improvements within sixty days after their issue and notice published, as required by the city charter, is no defense to an action to have the taxbills cancelled as being invalid because the work was not completed within the time specified in the contract.

2. ———: **Invalid: Work Not Finished in Time.** The contract for a street improvement provided for the completion of the work within ninety days from the date of its confirmation, and further provided that "if the contractor shall fail to complete the work within the time specified, ten dollars per day for each day thereafter, until such completion, shall be deducted, as liquidated damages for such breach of this contract, from the amount of the final estimate of the work." *Held*, that the taxbills issued in payment for the improvement cannot be cancelled for the reason that it was not completed within the ninety days if the work was completed within a reasonable time thereafter, but if not completed within a reasonable time, the taxbills are void, and may be cancelled in a suit in equity.

Schibel v. Merrill.

3. ——: ——: ——: **Reasonable Time.** A contract for a street improvement requiring the work to be done within a certain number of days after the confirmation of the contract, puts upon the contractor the duty not only to commence the work within the time designated, but to prosecute it in good faith regularly, uninterruptedly and with such force as to secure its completion within a reasonable time. And where the evidence shows that many days elapsed without any work being performed; that the contractor was negligent, careless and shiftless, spending much of his time at other places in pursuits not connected with the performance of the contract; that he procured by ordinance after the expiration of the time, which was not shown to be unreasonable, an extension, but did not complete it within the extended time; that no attention was given to the penalty imposed by the contract in the issuance of the taxbills, and none of the excuses offered for the delay are embraced within the terms of the contract, the taxbills should be cancelled.

4. ——: ——: ——: **Theory of Chancellor: Pleading: Relief.** Although the chancellor may have reached his conclusion upon a wrong theory, and although the petition to have taxbills cancelled may have been drawn on the theory that the taxbills should be cancelled because the street improvement was not completed within the time designated in the contract, yet if the petition may be considered as fairly presenting a cause for the cancellation on the ground that the work was not completed within a reasonable time and the decree is right on the facts, it will be affirmed.

5. **APPELLATE PRACTICE: Equity Case: Erroneous Instruction.** The giving of an erroneous and unnecessary instruction in an equity case, is no ground for reversing the judgment. It may indicate the theory of the case entertained by the chancellor, but in equitable cases the appellate court reviews the facts disclosed by the record, and does not deal with the chancellor's theories in disposing of the case, but with the results of his final action.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover,* Judge.

AFFIRMED.

*Clarence S. Palmer* for appellants.

The work in this case was completed within a reasonable time after the contract was confirmed, and the

taxbill is valid.  The decision of the trial court in this case was made in accordance with Ayers v. Schmohl, 86 Mo. App. 349.  That case has been considered in Heman v. Gilliam, 171 Mo. 258.  The provision regarding the time of completion of the work is practically the same as this case.  The court tried the case upon the theory that if the time overran the time specified in the contract, that is, ninety days, then the taxbill was void.  That doctrine is overruled by the case last cited. Also, by the case of Heman Construction Co. v. Loevy, 78 S. W. 618.  The same doctrine has been applied in both Courts of Appeals.  Hilgert v. Barber Asphalt Co., 81 S. W. 500; Spark v. Villa Rosa Land Co., 99 Mo. App. 409; Hill-O'Meara Construction Co. v. Hutchinson, 100 Mo. App. 294.  The great weight of evidence in this case showed that the work was, so far as substantial use of the street was concerned, practically done at the time of the completion of the contract. The undisputed evidence was that the city had agreed to furnish a heavy steam roller to the contractor and had failed to do so, thus delaying the work of the contractors, but the declaration of law asked by respondents, and which was given, clearly indicates that the theory upon which the trial court tried the case was that the contract fixed definitely the time of completion. This construction of the contract, which we submit was only possible by striking out a part of it, has been held erroneous by this court.  It was evident that the case was tried upon the wrong theory, and it should be reversed.  In view of the allegations of the pleadings, and of the facts shown in evidence, the case should be reversed with instructions to dismiss respondents' suit in equity and with instructions to the circuit court to enter judgment in favor of appellants upon the taxbill in question.

*Noyes, Heath & Walls* for respondents.

(1)  In the following cases, it has been held that,

if the work was not completed within the time specified, the taxbills are void: Rose v. Trestrail, 62 Mo. App. 352; McQuiddy v. Brannock, 70 Mo. App. 535; Whittemore v. Sills, 76 Mo. App. 248; Safe Deposit & Trust Co. v. James, 77 Mo. App. 616; Springfield to use v. Davis, 80 Mo. App. 574; Richter v. Merrill, 84 Mo. App. 150; Ayers v. Schmohl, 86 Mo. App. 349; Winfrey v. Linger, 89 Mo. App. 159; Shoenberg v. Heyer, 91 Mo. App. 389; Childers v. Holmes, 95 Mo. App. 154; Neill v. Gates, 152 Mo. App. 585; Barber Asphalt Co. v. Ridge, 169 Mo. 376. Appellants want a distinction made where the time in which the work is to be done is specified in the contract and not in the ordinance. There is no good reason why such a distinction should be made. (2) ''Proceedings to compel the citizen to pay for improvements in front of his property are proceedings *in invitum*, purely statutory, and therefore to be strictly construed.'' Leach v. Cargill, 60 Mo. 317; Cole v. Skrainka, 37 Mo. App. 436; Fruin-Bambrick v. Geist, 37 Mo. App. 512.

FOX, J.—This cause is before this court upon an appeal from a decree by the Jackson county circuit court, annulling and setting aside a certain taxbill issued by Kansas City for street improvement.

The petition fully stated the case, and the answer clearly indicates the line of defense to this action, and they are here reproduced.

The petition is:

''Plaintiffs for cause of action state that the defendant Kansas City is a municipal corporation, and that the defendant James Cowgill is city treasurer of Kansas City, Missouri.

''Plaintiffs state that in 1895 and for a long time prior thereto and ever since that time, they have been the owners and in possession of lot one, block nine, Fairmount Park, an addition to Kansas City, Missouri, said property being on West Twenty-fourth street, be-

tween the Southwest boulevard and Fairmount avenue, in Kansas City; that the defendant Kansas City in 1895 passed an ordinance, No. 6558, entitled, 'An ordinance to macadamize Twenty-fourth street from Southwest boulevard to Fairmount avenue,' which ordinance was approved by the mayor of Kansas City, July 12, 1895. Said ordinance provided for the macadamizing of Twenty-fourth street in front of plaintiff's property. That in pursuance of said ordinance, Kansas City on the 26th day of July, 1895, entered into a written contract with the Kansas City Macadamizing Company to macadamize said Twenty-fourth street according to said ordinance. Said contract among other things provided that 'the work of constructing said macadam pavement shall be commenced within ten days from the time this contract binds and takes effect, and shall be prosecuted regularly and uninterruptedly thereafter (unless the engineer shall specifically direct in writing) with such force as to secure its completion within ninety days from the date of its confirmation, the time of beginning, rate of progress and time of completion being essential conditions of the contract.'

"That said city afterwards passed an ordinance, No. 6591, entitled, 'An ordinance to confirm contract with Kansas City Macadamizing Company for the macadamizing of Twenty-fourth street from Southwest boulevard to Fairmount avenue,' that said ordinance was duly approved by the mayor of Kansas City on the 8th day of August, 1895, and went into full force and effect and approved said contract. That on and after said 8th day of August, 1895, said contract was in full force and effect and binding on both parties thereto. And that it was the duty of said contracting company to commence work on said street on or before the 18th day of August, 1895, and to complete the macadamizing of said street on or before the 6th day of November, 1895.

"Plaintiffs say that said contracting company, to the great injury of plaintiffs, refused and neglected to commence work on said street within ten days after said contract was confirmed and binding, and was in full force and effect. And that said company failed and neglected to complete the macadamizing of said street within ninety days from the confirmation of said contract. Plaintiffs say that the macadamizing of said street was not completed until the 3rd day of February, 1896, and long after the expiration of the said ninety days. Plaintiffs say that by reason of the failure of the said contracting company to complete the macadamizing of said street according to its contract, said company and its assignees lost all rights under said contract for any compensation for the macadamizing of said Twenty-fourth street.

"Plaintiffs say that the said contracting company failed to macadamize said street according to the terms of the contract; that it used inferior material to that provided for in the contract, and failed to lay the macadam the thickness called for in said contract, and failed to construct the macadam pavement in the manner provided for by said contract, all to the great loss of the plaintiffs.

"Plaintiffs say that by reason of the breach of said contract, as above set forth, said contracting company and its assigns lost all rights to compensation for said work under said contract.

"Plaintiffs say that notwithstanding said street was not paved with macadam in the time and manner, and with the material provided for by said contract, the defendant Kansas City and its agents, officers and servants, though well knowing said company had violated said contract and was not entitled to any taxbill for said work, did, in violation of plaintiffs' rights, on or about the 14th day of February, 1896, issue a taxbill against the plaintiffs' said property for macadamizing said Twenty-fourth street under said

violated contract, amounting to one hundred and ninety-seven dollars and sixty-nine cents.

"Plaintiffs say that they have a business block on their said lot, and that the constant use of said Twenty-fourth street by them and their tenants is necessary to the enjoyment and full use of said property, and that by failure of said contracting company to complete the macadamizing of said street within the time agreed to in said contract and for many months after it should have been completed under the terms of the contract, plaintiffs and their tenants suffered great inconvenience and loss of time and money.

"Plaintiffs say that the defendant Kansas City keeps a set of books known as the 'Special Tax Records,' where all unpaid special taxes are recorded, and the same by law is made a lien on all property covered by said taxbills, and that the said books are in the charge of and under the control of James Cowgill, as city treasurer of Kansas City, and that the defendant Kansas City, in violation of plaintiffs' rights, knowing full well that no tax should have been issued against the plaintiffs' said property for the macadamizing of said Twenty-fourth street as aforesaid, did, on or about the 14th day of February, 1896, issue a taxbill against plaintiff's said property for macadamizing said Twenty-fourth street, to the amount of one hundred and ninety-seven dollars and sixty-nine cents, and caused a record of the same to be made on the Special Tax Record of said city, thereby making and creating a cloud on the title of plaintiffs' said real estate, which cloud prevents plaintiffs from selling, disposing of or incumbering their said lot. Plaintiffs say that the defendants J. W. Merrill and Duston Adams are the assignees and owners of said taxbill, and the same is under their control and in their possession.

"Wherefore, the premises considered, the plaintiffs pray the court to decree said taxbill null and void and no lien on plaintiffs' said lot; and that the defend-

ants Kansas City and James Cowgill, as its treasurer, be ordered and compelled to cancel said taxbill from and off the Special Tax Record kept by said city, and that the defendants J. W. Merrill and Duston Adams be ordered to bring said taxbill into court and surrender the same that said taxbill may be cancelled, and the cloud be removed from the title of plaintiffs' property; and that the defendants Merrill and Adams be and each be enjoined from selling, disposing of or parting with the possession of said taxbill. Plaintiffs say that they have no adequate remedy at law; and plaintiffs ask that they may have such other and further relief as to the court may seem meet and just in the premises.''

The answer of defendants is as follows:

''Now come the defendants to the above-entitled action and for their amended answer to plaintiffs' petition deny each and every allegation thereof, not hereinafter specifically admitted.

''Defendants admit that plaintiffs are the owners of the property described in plaintiffs' petition, and that the mayor and common council of Kansas City passed an ordinance, number 6558, entitled, 'An ordinance to pave Twenty-fourth street from Southwest boulevard to Fairmount avenue,' approved July 12, 1895, which provided for macadamizing Twenty-fourth street between the points above named, and in front of the plaintiffs' property. That in pursuance of said ordinance, Kansas City, on the 16th day of July, 1895, entered into a written contract with Kansas City Macadamizing Company to pave Twenty-fourth street under said ordinance; defendants deny that the provision in said contract with reference to the completion of said work is correctly set out in said petition, but allege that the quotation from said contract as contained in plaintiffs' petition is not complete and stops in the middle of a sentence; that the whole of said sentence and paragraph relating to the time of the

completion of said work reads as follows: 'The work of constructing said macadam pavement shall be commenced within ten days from the time this contract binds and takes effect, and shall be prosecuted regularly and uninterruptedly thereafter (unless the engineer shall specially direct otherwise in writing) with such force as to secure its full completion within ninety days from the date of its confirmation; the time of beginning, rate of progress, and time of completion being essential conditions of this contract, and if the contractor shall fail to complete the work within the time above specified an amount equal to the sum of ten dollars per day for each and every day thereafter, until such completion, shall be deducted as liquidated damages for such breach of this contract from the amount of the final estimate of said work.'

"That defendants admit that said city afterwards passed ordinance number 6591, entitled, 'An ordinance to confirm contract with Kansas City Macadamizing Company for the macadamizing of Twenty-fourth street from Southwest boulevard to Fairmount avenue;' that said ordinance was duly approved by said mayor of Kansas City, Missouri, on the 8th day of August, 1895.

"Defendants admit that Kansas City, on or about the 14th day of February, 1896, issued a taxbill against plaintiffs' said property, which bill amounted to one hundred and ninety-seven dollars and sixty-nine cents, and admits that said special taxbill was placed upon the Special Taxbill Record in the office of the city engineer and the city treasurer, and still remains on said book as a charge against the property of plaintiffs.

"Defendants deny each and every other allegation contained in said petition.

"Defendants allege that said Kansas City Macadamizing Company proceeded in accordance with said contract to do the work provided for by the same, and

completed said work under and in accordance with said contract, and defendants allege that if said work was not fully completed within the time specified by said contract, the work was prosecuted with diligence, and was completed within a short time thereafter, and defendants allege that said taxbill was issued on the 14th day of February, 1896, and that notice of issuing said bill was published for three successive days, Sundays excepted, in the newspaper at that time doing the city printing, as provided by the city charter of Kansas City, and that neither said plaintiffs nor any one else interested in said lot, within sixty days after said bills were issued and said notice was published, or at any other time, has filed with the board of public works any written statement in objection to the validity of such taxbills, or to the sufficiency of said work or materials therein used; that by reason of failure to file any such statement of any objection, said plaintiffs were deprived of any right to complain either at the time of the completion of said work or character of material, or at the time or work of constructing said macadamized paving; that the prohibition against the pleading or proving any such objection became a property right attached to the said bills in the hands of the defendant of which defendant cannot be deprived at the suit of a private person without violation of the provisions of section twenty, article two, of the Constitution of Missouri.

"Defendants further allege that plaintiffs herein had an adequate remedy at law, and that said petition is without any statement of any equitable cause of relief, for the reason that the said taxbill to set aside which suit is brought would have become invalid if suit had not been brought thereon on or prior to May 31, 1900; that said suit was filed on May 28, 1900, and the first term on which it would be returnable is October, 1900; being the same term of court at which a

suit upon said taxbill must have been made returnable if said suit were brought.

"And defendants allege that on the 31st day of May, 1900, they filed a suit to foreclose said taxbill against said property, which suit is now pending in this court, being cause number 1235.

"Wherefore, defendants ask that plaintiffs' petition be dismissed with costs."

It is unnecessary to burden this opinion with a reproduction of the entire contract made and entered into for the performance of the work in the improvement of the streets of Kansas City. It will suffice to embrace in this statement simply that part of it which forms the basis of this dispute, and to which the legal propositions urged by counsel are applicable. That provision of the contract is as follows: "The work of constructing said macadam pavement shall be commenced within ten days from the time this contract binds and takes effect, and shall be prosecuted regularly and uninterruptedly thereafter (unless the engineer shall specially direct otherwise in writing) with such force as to secure its full completion within ninety days from the date of its confirmation; the time of beginning, rate of progress and time of completion being essential conditions of this contract, and if the contractor shall fail to complete the work within the time above specified, an amount equal to the sum of ten dollars per day for each and every day thereafter, until such completion, shall be deducted as liquidated damages for such breach of this contract from the amount of the final estimate of said work."

Upon the trial, the entire contract was introduced, together with the ordinance confirming it. There was also introduced the estimate of labor performed and material furnished by the superintendent of construction, which was made February 3, 1896; the work was accepted February 11, 1896, and the taxbills issued February 14, 1896. On November 18, 1895, an ordin-

ance was passed, authorizing the extension of the time for the completion of the work under the contract for a period not to exceed twenty days. This ordinance was approved January 11, 1896.

"It is admitted that no objections were filed within sixty days after the publication of notice of issue of the taxbills in question and that the taxbill attached to the petition in case numbered 1235, and involved in this suit, was duly issued by the Board of Public Works of Kansas City, Missouri."

Without detailing at length the testimony of the various witnesses as to the manner of the performance of the work under the contract and the time of its completion, it will suffice, for the disposition of the legal propositions involved in this cause, to say, that we have carefully read the testimony disclosed by the record, and it shows clearly that the work was not completed within the time specified in the contract, and the preponderance of evidence indicates that the work in fact was not completed until about the 3rd of February, 1896. This is indicated by the date of the estimate, supported by the statements of witnesses who testified in the cause. That the contractor who performed this work was careless and negligent about its completion, and that there was great unnecessary delay in the completion of it, is strongly indicated by the testimony of the defendants in this cause. At the close of the evidence in this equitable proceeding, plaintiff made the unnecessary request of the court to declare the law as follows, which request was granted:

"1. The court declares the law to be that if the work of macadamizing West Twenty-fourth street, for which the taxbill in question was issued to pay, was not done within the time specified in the contract read in evidence between Kansas City and the Kansas City Macadamizing Company, then said taxbill is void, and plaintiff is entitled to the relief prayed."

Upon the submission of this cause, the court made its findings in favor of the plaintiffs, and entered its decree accordingly, setting aside the taxbill involved in this dispute. From this judgment and decree, defendants prosecute their appeal, and the cause is now before us for consideration.

### OPINION.

FIRST. It is contended by appellants that the failure of plaintiffs, or any one else interested in the lot, to file with the board of public works their objections in writing to the validity of the taxbills, within sixty days after such bills were issued and due notice of their issuance was published, as provided by section 23, article 9, of the charter of Kansas City, constituted a complete defense to this action.

The propositions involved in that contention were fully, fairly and ably discussed by GANTT, J., in the case of Barber Asphalt Pav. Co. v. Ridge, 169 Mo. 376. In that case, as in this one, numerous reasons are earnestly urged in support of the contention indicated by defendants. Upon a reconsideration of the questions so ably presented by learned counsel for appellants, we see no reason to depart from the conclusions announced in the Ridge case. At the present sitting of this court, the propositions involved in that case were again considered by the court, in Barber Asphalt Co. v. Munn, page 552 of this volume, and the former ruling reaffirmed. This is decisive of that proposition.

Upon the only remaining question involved in this controversy, we will say that a fair analysis of the recent adjudications upon the question of the time in which work must be completed, in pursuance of the provisions of contracts and ordinances similar to those in the case at bar, settles the law upon that proposition.

The contract in this case provided for the completion of the work in ninety days from the date of its

confirmation; but in immediate connection with such provision, follows the additional provision that ''if the contractor shall fail to complete the work within the time above specified, an amount equal to the sum of ten dollars per day for each and every day thereafter, until such completion, shall be deducted as liquidated damages for such breach of this contract from the amount of the final estimate of said work.''

While the terms of the contract before us vary somewhat from those in the case of Heman v. Gilliam, 171 Mo. 258, they are substantially the same; at least the difference in the terms would not require the application of a different rule of interpretation of the contract as to the time in which the work could be completed, than the one applied in the case cited. It will also be noted that the ordinance authorizing or confirming the contract for this work did not expressly designate or specify the time in which the work was to be completed. The principles to be deduced from an analysis of the case of Heman v. Gilliam, supra, applicable to the interpretation of this contract, may briefly be thus stated: A contract for the performance of work in the way of street improvement of a city, first specifying a definite time for the completion of the work, then followed by a penalty clause for failure to complete it within the time designated, in the absence of a requirement by an ordinance of the city that the work shall be completed within a definite time, may be complied with by the performance and completion of the work within a reasonable time. In other words, time is not the essence of a contract in that form, in the absence of an ordinance fixing a definite time for the completion of the work in pursuance of the contract. The opinion in the case from which these principles are deduced fully reviewed the authorities upon this subject under consideration, and the interpretation of the contract, as therein announced, has uniformly met the approval of the subsequent ad-

judications. [Heman Construction Co. v. Loevy, 179 Mo. l. c. 470; Hilgert v. Barber Asphalt Co., 107 Mo. App. 385; Sparks v. Villa Rosa Land Co., 99 Mo. App. 489; Hill-O'Meara Construction Co. v. Hutchinson, 100 Mo. App. 294.]

It is apparent from the petition that learned counsel for respondents were proceeding upon the theory that they were entitled to the equitable relief sought for failure to complete the work within the ninety days, as designated in the contract, and while the relief can not be granted upon that theory, yet an examination of all the allegations in the bill will clearly demonstrate that it is broad enough to admit of the proof and support a decree (if the facts warrant it) on the ground that the work was not completed within a reasonable time from the date of the confirmation of the contract.

This decree is predicated upon a bill in equity to set aside and annul a taxbill. This proceeding can as well be maintained upon the ground that the work was not completed within a reasonable time, as it could be in a case where time is made the essence of the contract, and the work is not completed within the time fixed. The only difference in proceedings of that character is, that in one, the proof as to the time of the completion of the work would be furnished by the contract itself; in the other, the conditions surrounding the work and the attending circumstances must furnish the reasons for granting or refusing the relief prayed for.

We have this case narrowed down to the simple proposition: is the testimony developed upon the hearing of it sufficient to support the finding of the chancellor and the decree rendered?

If the contract involved in this dispute is to be given that force and vitality its terms indicate, then it is apparent that it was the duty of the contractor, in good faith, not only to commence this work within the time designated by the contract, but to prosecute it regularly and uninterruptedly, with such force as to

secure its completion within a reasonable time. Applying the evidence disclosed by the record in this cause to the disputed proposition embraced in the pleadings, as to whether or not the work was completed within a reasonable time from the date of the confirmation of the contract by the city ordinance, we are of the opinion that it fully supports the finding of the chancellor and decree rendered. The testimony of some of the witnesses shows that many days elapsed without any work being performed; the defendants practically concede that the contractor was negligent, careless and shiftless, spending much of his time at other places not required by the performance of any duty imposed by the contract. After the expiration of the time, as specified in the contract, we find that an ordinance is procured from the city council extending the time, not to exceed twenty days; yet, with this extension, we have, as shown by the record, a preponderance of evidence that the work was not completed within the time of the extension. Added to this, it may be said that the record is silent upon the question as to any attention whatever being given to the penalty clause of the contract, in the issuance of the special taxbills sought to be annulled in this proceeding.

It is true, some excuses are offered for this failure in the completion of the work, all of which we have considered. None of them, however, are embraced in the contract, nor do they furnish any legal ground for the unreasonable delay in the completion of the work.

It is not disclosed by the evidence that the ninety-days' limit, as designated by the contract, was unreasonably short, and, doubtless, if proper consideration had been given the provisions of the contract, this work would have been completed by November 6, 1895, instead of in February, 1896. While this court is not disposed to uphold the nullification of taxbills, predicated upon contracts, where the evidence shows that the contractors have in good faith made an honest and

Schibel v. Merrill.

reasonable effort to perform the work in accordance with the terms of their agreement, yet, the rights of the property-holder must not be entirely ignored. The very nature of a proceeding to enforce a taxbill is to compel the property-owner to pay a tax for a benefit which he has not sought, and about which he has made no agreement; it, therefore, is a right, which the citizen is at liberty to invoke, that the entire transaction, including the contract and the performance of it, which leads to the result of the issuance of a taxbill against his property, shall be subject to a fair and reasonable interpretation by the courts of the country.

It is urged by learned counsel for appellant that the declaration of law given at the request of plaintiff was erroneous. It will be noted that this declaration was not requested in the law case; but the record discloses, and the terms used in the instruction show, it was only applicable to this case, which is one in equity. It is only necessary to say of that instruction that it has no place in this equitable proceeding. It may indicate a theory of the case entertained by the chancellor; but in equitable proceedings appellate courts review the facts developed, as disclosed by the record. In other words, we do not deal with theories of the chancellor in the disposition of the case, but in the results of his final action.

If the facts developed upon the hearing support the finding and decree, such decree should not be reversed on account of an erroneous declaration of law in an equitable case.

We have thus given expression to our views in this cause, upon the record before us, which results in the conclusion that this judgment should be affirmed, and it is so ordered. *Gantt, P. J.,* concurs; *Burgess, J.,* absent.