LUCAS, Respondent, v. CELLA, Appellant.

St. Louis Court of Appeals, November 28, 1905.

**APPELLATE PRACTICE: Point not Raised in Trial Court.** In an action for a commission for services rendered by plaintiff to the defendant, although the uncontradicted evidence shows that the plaintiff was acting in a dual capacity, where the defense of double agency was not made in the trial court the point will not be considered on appeal.

Appeal from St. Louis City Circuit Court.—*Hon. Jesse A. McDonald*, Judge.

AFFIRMED.

*Chester H. Krum* and *Bond & Bond* for appellant.

An agent who acts for both parties to a contract in bringing it about cannot recover any compensation from either unless both consent to his double agency. A fortiori where the double agency is known to one principal and unknown to the other, the agent cannot recover from that principal who has no knowledge of and does not consent to the dual relation. Chapman v. Curie, 51 Mo. App. 40; McClure v. Ullmann, 102 Mo. App. 697; 77 S. W. 325; Smith v. Tyler, 57 Mo. 668; DeSteiger v. Hollington, 17 Mo. App. 382; Harkness v. Briscoe, 47 Mo. App. 197; Allee v. Fink, 75 Mo. 100; Rosenthal v. Drake, 82 Mo. App. 358; 1 Am. and Eng. Ency. of Law (2 Ed.), pp. 1073 and 1074, and cases cited. Huffcut on Agency, page 110, and cases cited.

*Blodgett & Davis* for respondent.

BLAND, P. J.—The suit is upon the following account, which was filed as an exhibit with the first count of the petition—the count on which the case was tried and submitted to the jury:

"Louis A. Cella, to Joseph H. Lucas, Dr.

"For services rendered between, on or about the first day of August, 1902, and on or about the first day of March, 1903, as consulting engineer in forming and drawing plans and specifications, and making estimates and procuring and making contracts for the erection of a steam heating plant, engines, boilers, generators, steam separators, steam heaters and fire extinguisher, in 'Cella Building,' Twenty-first and Washington avenue, St. Louis, Missouri, as per agreement, at five per cent of contract price.

| | |
|---|---:|
| McMann Lumb. Co., Steam heating plant.. | $ 6,000. |
| Ideal Engine Co., Engines .............. | 2,497. |
| Fairbanks-Morse, Boilers ........... .... | 1,600. |
| Crocker-Wheeler Co., Generators ........ | 2,000. |
| Steam & Appliances Co., Steam separators | 140. |
| Steam & Appliances Co., Steam heaters... | 150. |
| Standard Fire Extinguisher Co., Fire Ex... | 11,250. |
| | $23,637. |

"Five per cent of $23,637.—$1181.85, amount due."

Plaintiff's evidence tends to show that he rendered most of the services alleged in the petition and stated in the account and was ready and willing and able to render the whole of them but was prevented by the defendant, and his evidence further tends to show that the services were rendered under an express contract with the defendant. Defendant's evidence tends to show that he never made any contract with the plaintiff to render the services or any part thereof and that plaintiff did not, in fact, render any of said services. The evidence shows the Standard Fire Extinguisher Company, men-

tioned in the petition and account, was awarded the contract for putting fire extinguishers in the building for which it was to receive and did receive $11,250. The uncontradicted evidence is, that without the knowledge of the defendant, plaintiff received three hundred dollars from the Fire Extinguisher Company for securing or procuring the contract for it, yet the court instructed the jury that if they found the issues for plaintiff, that is, if there was an express contract to pay five per cent of the amounts at which the various contracts were let, they should assess his damages at five per cent on the gross amount of all the contracts. All the contracts mentioned in the account were let for the amounts therein stated, and the jury gave plaintiff a verdict for the full amount sued for. In respect to the Fire Extinguisher Company's contract, the evidence shows the plaintiff acted in a dual capacity, and if the fact had been called to the attention of the trial court by the defendant, doubtless, the plaintiff would not have been permitted to recover any per cent on said contract. But this defense was not presented to the trial court at any state of the proceedings. It is presented here for the first time by a supplemental brief filed in the case. Its presentation is too late to be available as a defense. [St. Louis v. Annex Realty Co., 175 Mo. 63, 74 S. W. 961; Wilson & McConnell v. Standard Operating Co., 93 Mo. App. 121, Howard v. Vaughn-Monning Shoe Co., 82 Mo. 406; Terti v. Ins. Co., 76 Mo. App. 42.]

The only issue of fact submitted to the jury was whether or not the contract was made as alleged in the petition. On substantial evidence furnished by the plaintiff, this issue was found in his favor and as no reversible error appears either in the admission or rejection of evidence, or in instructions given or refused, the judgment must be affirmed.

The judgment is affirmed. All concur.