D. M. TURNER et al., Defendants in Error, v. CITY OF SPRINGFIELD et al., Plaintiffs in Error.

Kansas City Court of Appeals, March 5, 1906.

1. TAXBILLS: Contract: Public Letting: Time.    Where a notice for a public letting for paving a street requires the work to be completed within ninety days and the contract has no time limit fixed in it, the competition between the bidders is not fair and the bill issued under such contract is void.

2. ———: ———: Reasonable Time.    *Held*, that the evidence shows the work was not completed within a reasonable time.

Error to Dade Circuit Court.—*Hon. Henry C. Timmonds,* Judge.

AFFIRMED.

*A. P. Tatlow* and *Barbour & McDavid* for plaintiffs in error.

(1) Under the law governing cities of the third class the taxbills are assignable and collectible by the holder thereof and are prima facie evidence of the regularity of the proceedings, of the validity of the taxbills, of the doing of the work, and the validity of the charge against the property therein described to the charge stated in the taxbill. A general denial constitutes no answer. The defects relied on must be specially pleaded and affirmatively proved. Sec. 5858, Laws 1901, p. 63; Carthage v. Badgley, 73 Mo. App. 123; Springfield v. Baker, 56 Mo. App. 637; Moberly v. Hogan, 131 Mo. 19; Paving Co. v. Ullmann, 137 Mo. 560; and a long list of other decisions. (2) The city of Springfield has full power to improve its streets at the cost of abutting property and to assess special tax and to issue special taxbills against it for the cost of the improvement. Secs. 5858, 5859 and 5860, Laws 1901, p. 63. (3) The fixing of the time within which public work should be done is a legislative function and cannot be delegated to the city engineer or mayor and street committee. Ayers v. Schmohl, 86 Mo. App. 349.

*G. G. Lydy* for defendants in error.

(1) A bill in equity may be maintained by the abutting property owners to cancel the apparent lien even of a void taxbill upon the theory that the taxbill or proceedings prior thereto cast a cloud upon the title. Verdin v. St. Louis, 131 Mo. 26-80; Skinker v. Heman, 148 Mo. 349-354; Gardner v. Terry, 99 Mo. 523; Rose v. Trestrail, 62 Mo. App. 352; Savings Inst. v. Collonious, 63 Mo. 379; Corby v. Bean, 44 Mo. 379. (2) The resolution declaring the work necessary states it shall be done according to the plans and specifications and estimates of the city engineer, and the contract and bid of Barber are to

same effect. The engineer's advertisement for bids stated the work was to be completed in ninety days, and bids invited on that basis. If ninety days is not the time limit of the contract, then the contract as let was not such as was advertised for bidders, and this alone renders the contract illegal. It is expressly so held in Galbreath v. Newton, 30 Mo. App. 380-393; People v. Board, 43 N. Y. 227; McQuiddy v. Brannock, 70 Mo. App. 535. (3) The contract expressly incorporates within its terms the ninety-day time limit contained in the notice to contractors. If ninety days is the time limit in the contract as per specifications of the engineer and as testified to by Mayor Mellette, or if 180 days is the limit, according to Callis, then in either event the work was not done in the contract time and the taxbills are void, there being in this case a general ordinance requiring the work to be done within the contract time. City to use v. Davis, 80 Mo. App. 574; Heman v. Gilliam, 171 Mo. 258; Schibel v. Merrill, 185 Mo. 534; Shoenberg v. Heyer, 91 Mo. App. 389; Cochran v. Railroad, 131 Mo. 607; McQuddy v. Brannock, 70 Mo. App. 535-545. The time having expired, it was beyond the power of the city to validate that which is void and incurable. Barber Asphalt Co. v. Ridge, 169 Mo. 376-387; Rose v. Trestrail, 62 Mo. App. 352-357.

ELLISON, J.—The plaintiffs are owners of property abutting on Springfield avenue in the city of Springfield. The avenue was paved under proceedings in the city council resulting in the letting of a contract for such paving to E. A. Barber, one of the defendants. These plaintiffs brought the present bill in equity to restrain the issuing of the bills and to cancel any, if already issued. A change of venue was taken to Dade county where, on trial, a decree was entered for the plaintiffs, declaring the bills to be void.

Springfield is a city of the third class. It is provided by section 5859, Laws 1901, p. 65, that when the

council of cities of that class declare it proper to pave a street, it shall by resolution "declare such work or improvements necessary to be done," and cause the resolution to be published. It is also provided (section 5858 of said act) that, before any contract for paving shall be let, an estimate of the cost thereof shall be made by the city engineer and reported to the council. It is also provided (section 5859 of said act) that there shall be public advertisement for bids for the work before the contract is let. It is this last provision we will apply to the present controversy.

It appears that the paving directed by the council, and which defendant Barber undertook to do, was only a distance of a few blocks (stated to be less than two-thirds of a mile), that he was more than one year in doing it. It is, however, contended by him that no time was specified in the ordinance, nor in the contract, for the completion of the work. The plaintiffs do not admit this and make contention about the point in their brief. But admitting it to be true, that no time was specified, the bills must be declared to be void for the following reason: The city charter, as just stated, requires that there shall be a public advertisement for bids and, in this case, the city engineer made advertisement of the letting of this work, in which it was stated to bidders that the work was to be completed within ninety days. It is not conceivable, within the limits of reason, that the city can publicly invite contractors to bid upon public work with certain important and substantial limitations, receive the bids upon that basis, and then let the contract freed from such limitations. The opportunities for fraud, favoritism and unfair dealing are so easy that the courts have universally condemned the practice. [McQuiddy v. Brannock, 70 Mo. App. 535, 548; Galbreath v. Newton, 30 Mo. App. 380, 393; Wickwire v. Elkhart, 144 Ind. 305; People v. Board, 43 N. Y. 227.]

In this case, bids were asked on a basis of completing the work in ninety days and the defendant's com-

petitors bid on such basis, yet, according to his conten-tion, he obtained the contract without any limit as to time save the reasonable time implied by the law, which he contends, in this case, in effect, was *more than a year*. The importance of a time limit and its influence on bidders was pointed out in the cases just cited and we need not again go over the subject.

· There were several other reasons assigned in sup-port of the decree of the trial court declaring the bills to be void which, considering what we have already said, it will not be necessary to discuss. But, in view of the extended argument made by defendant on the question of time; wherein he urged that he had a reasonable time in which to perform the work, and that he did perform it within such time; we will add that, in our opinion, the extraordinary length of time taken for the work agreed to be done was very far beyond what any one should consider to be reasonable. The excuses of bad weather stretching over the space taken in this case, and others, such as not getting the city roller, etc., are far too much strained to be allowed to be real. We con-sider the evidence on this head as fully justifying the decree. We consider that the evidence shows that in point of fact no such endeavor to perform the work was made as is stated by Judge Fox to be necessary in the case of Schibel v. Merrill, 185 Mo. 534.

The judgment is affirmed.   All concur.