WILLIAM L. BRIDEWELL et al., Appellants, v. A. B. COCKRELL et al., Respondents.

Kansas City Court of Appeals, November 19, 1906.

1. TAXBILLS: Resolution: Pleading: Trial and Appellate Practice. An objection that a resolution providing for street improvement was not published for a sufficient length of time will not avail where such reason is not specifically alleged in the petition and there is no general allegation therein that will cover it and it was not relied on at the trial, since the appellate court must try the case on the same theory as the trial court.

2. ———: ———: Material. A resolution declaring the necessity of improving the street by paving with vitrified brick and referring to specifications to be furnished by the city engineer, sufficiently indicates the material and dimensions and informs the property owner of the character of the improvement; and where such specifications are before the council the fact that they may not be filed will not affect the validity of the taxbills.

3. ———: ———: Statute: Specifications. Though section 5859, Revised Statutes 1899, does not appear expressly to require the resolution to mention the material or plans and specifications for the improvement yet a reference to such plans and specifications makes them a part of the resolution.

4. ———: Plans and Specifications: Filing: Contract. The statute does not require the plans and specifications to be on file at the time the resolution was passed nor on file for a specified number of days before making the contract for the work.

5. ———: Resolution: Street Railway. The resolution called for the paving from curb to curb and charged the street railway track to the railway company and this was done in an inferior manner by a special contract. Held, the contractor who paved the street ought not to be denied the right to enforce his taxbill because of the neglect of the city in enforcing the obligation of the railway company.

Bridewell v. Cockrell.

6. ———: **Extencion of Time: Contract.** The contract provided that the council might prolong the time for its completion for good cause and the fact that the council did at different times extend the time as it had a right so to do, will not vitiate the taxbill.

7. ———: **Completion of the Work: Reasonable Time.** While under certain circumstances the unreasonable delay in the completion of work under a contract may vitiate the taxbills in this case the rule does not apply since the city extended the time in the exercise of its right.

Appeal from Vernon Circuit Court.—*Hon. L. W. Shafer,* Judge.

AFFIRMED.

*M. T. January* for appellants.

(1) The resolution that the improvement is necessary must describe the kind and character of the work to be done to inform the property-owner, so that he may exercise his right to protest, or the resolution must refer to plans and specifications then in existence. Otherwise the taxbills are void. Kirksville v. Coleman, 103 Mo. App. 215; McDonnell v. Gillon, 66 Pac. 314. (2) The ten days given the property-owner in which to protest, begin after the last publication of the resolution. Session Acts, Mo. 1901, p. 65, sec. 5859; Sedalia ex rel. v. Montgomery, 109 Mo. App. 197. (4) The city council had no power to pass ordinance 489 until after the time given the property-owner to protest had expired. Nevada to use v. Eddy, 123 Mo. 559; Sedalia ex rel. v. Montgomery, 109 Mo. App. 197. (5) Bad weather does not excuse failure of contractor to complete his work on time unless it is so provided in the contract. McQuiddy v. Brannock, 70 Mo. App. 535; Rose v. Trestrail, 62 Mo. App. 352; Cochran v. Railroad, 131 Mo. 607; Whittemore v. Sills, 76 Mo. App. 248. (6) Neither can the council grant an extension on account of bad weather where it is not contracted against, and when it is, then

only on the terms of the contract.   (7)   The resolution
called for an improvement the entire width of the street.
The space between the railway tracks was paved under a
separate private contract and in a different and inferior
manner from the rest of the street.   This avoids the tax-
bills.   (8)   The taxbills are void, because the work was
not completed within a reasonable time.   Turner v.
Springfield, 93 S. W. 867; Schibel v. Merrell, 185 Mo.
534.

*Scott & Bowker* for respondent.

(1)   The resolution in this case was sufficient to
inform the taxpayers of the proposed improvement.
Ross v. Gates, 183 Mo. 338.   (2)   The plans and speci-
fications are not required to be made or filed at the time
of the passage of the resolution, but only at the time the
council lets the contract.   Session Acts of 1901, sec. 5859.
(3)   The property-owners do not have ten days to pro-
test after the last publication of the resolution, but ten
days only after the passage of the resolution, under the
statute as it now exists.   Session Acts of 1901, sec. 5859.
(4)   Objection to these taxbills raised for the first time
in the court of appeals will not be considered; only the
objections raised against them in the trial court and in
plaintiff's petition can be considered here.   Huling v.
Flagstone Co., 87 Mo. App. 349; section 864, R. S. 1899;
Denningan v. Greene, 165 Mo. 98; Clafflin v. Sylvester,
99 Mo. 276; Merchants v. Sessinghaus, 59 Mo. App. 106;
McConnell v. Standard Co., 93 Mo. App. 121; Lucas v.
Cella, 115 Mo. App. 395.   (5)   The hauling of sand and
lumber by the contractor was a commencement of the
work.   Hund v. Rackliffe, 192 Mo. 312.   (6)   The city
council, under the ordinance and contract in question
here, had a perfect right to grant the extensions that
they did, and their action could only be questioned on
the ground of fraud.   Hund v. Rackliffe, 192 Mo. 312;
Akers v. Kolkmeyer & Co., 97 Mo. App. 520.   (7)   Under

the various ordinances introduced it is plain that it was the duty of the railway company to pave its own track, under its franchise and the fact that the city may not have compelled them to do it as perfectly as they should, does not release the abutting property-owners from paying for the improvement against their property. It is also clear that it was not the city's intentions to provide such improvement under the ordinance and contract here. Stifel v. MacMamus, 74 Mo. App. 558; Springfield v. Weaver, 137 Mo. 650; Hund v. Rackliffe, 192 Mo. 312. (8) The court found that this work was done in a reasonable time; there was evidence to support such finding, and this court will defer largely to the action of the trial court upon such question of fact.

BROADDUS, P. J.—This suit is to have certain taxbills assessed against the property of the plaintiffs for street improvement, declared void. The defendants are sued as the holders of said taxbills.

It is alleged in the petition that on the 25th day of August, 1903, the city of Nevada passed a resolution to the effect that it deemed it necessary to improve Cherry street in said city from the west line of the Missouri, Kansas & Texas Railway Company's right of way to the center of Ash street, by paving the same with vitrified brick, in accordance with plans and specifications to be furnished by the city engineer and approved by the city council, the improvement to be made from curb to curb on each side of the street, and on a line therewith to the crossings north and south of its intersections with other streets, and the cost of the work assessed against the abutting property-owners as provided by law, except all that part of the street between the rails of the street railway and one foot on the outside of each side thereof, which shall be paid for by the street railway company. The resolution declared that the work and improvements were necessary and ordered the clerk to publish the

resolution, as the law directs. That the resolution was duly published in a daily paper from August 26, 1903, to September 1, 1903; that the plans and specifications for the improvement were furnished by the city engineer and approved by the council September the 8th following; that on the latter date the council passed Ordinance No. 489, providing for the paving of Cherry street, and providing, among other things, that said street be paved with vitrified brick according to plans and specifications set out in the ordinance within the boundary specified in the resolution, and providing that the street railway pave, as also provided in the resolution, at the same time and the same way as the balance of the street was to be paved; that said Ordinance 489 further provided that the contractor should begin work within thirty days from date of contract and go on uninterruptedly, and the work be completed within three months after beginning, the contractor to suffer a penalty of ten dollars per day over the time fixed the work should remain unfinished, provided however, the council may, if they see fit, for good cause, extend the time for completion of said work by ordinance duly passed; that one S. A. Drake's bid for the work was accepted by the council and that he entered into a contract with the city on the 3d day of October, 1903, to complete the work within four months, provided the city should do the necessary grading to bring the surface of the street ten inches below grade to receive the concrete, sand and brick; that the city very soon after said contract was made excavated a section of the street preparatory for the work, but that the contractor failed to begin the work until March, 1904, and finished August the 3d of that year, ten months after the making of the contract; that on January 19, 1904, the council passed Ordinance 495 extending the time of contractor for completing the work to June the 1st, and on May 31st passed Ordinance 508 extending the time to July

1st, and on June 28th passed Ordinance 516 extending the time to July the 19th, and the same day passed an ordinance extending the time to August 4, 1904; that on said last-named date the council passed ordinance, on receiving the report of the completion of the work, levying an assessment of special taxes to pay for said work against the abutting property including that of plaintiff, and the contractor assigned the said taxbills to defendant Cockrell, who assigned a portion of them to defendant Williams,

Plaintiffs complain of the illegality of said bills as follows:

First. Because the plans and specifications were not on file when the resolution was passed.

Second. Because the plans and specifications were not filed and approved by the council until September 8, 1903, and the resolution was published for the first time on August 26th.

Third. Because the resolution provides for paving Cherry street, while Ordinance 489 provides that a contract be let to pave up to within one foot of the rails on each side of the railway track.

Fourth. Because the space between the rails of the street railway was not paved in accordance with the plans and specifications for the balance of the street.

Fifth. Because the contract fails to conform to ordinance numbered 489, in that the contractor is given four months after commencing work to complete it, while the said ordinance gives him only three months.

Sixth. Because the contractor failed to begin work within thirty days after the contract was signed, and did not begin until five months thereafter.

Seventh. Because the improvement was not completed within a reasonable time.

The defendant Cockrell filed answer admitting that he owned the taxbills and denied the other allegations of the petition. Defendant Williams filed answer

to the effect that he did not own any of the taxbills and had no interest in the controversy. The finding and judgment were for defendant and the plaintiffs appealed.

Plaintiffs insist that the taxbills are void because the resolution of the council, that the improvement of Cherry street was necessary, was not published as required by law, the last publication not having been made ten days before the letting of the contract. This contention will be disregarded, because plaintiffs failed to allege in their petition the want of such sufficient publication as a ground for relief. And there is no general allegation in the petition that would authorize the court to take cognizance of such defect of the publication. The petition alleges seven different specific grounds for relief and no others. The said ground not having been relied on in the trial court, cannot be considered by this court. [Huling v. Bandera Flagstone Co., 87 Mo. App. 349; Dunningan v. Green, 165 Mo. 98; Lucas v. Cella, 115 Mo. App. 395; Wilson & McConnell v. Standard Operating Co., 93 Mo. App. 121.]

The resolution is charged to be defective in that it fails "to describe the kind and character of the work to be done, so as to give notice to the abutting property-owners in order that they may exercise their right to protest. In other words, the resolution must refer to plans and specifications in existence at the time of its passage." In a case where the resolution declared, that "it is deemed by said council necessary to improve Brown avenue from Jefferson street to Michigan street by grading, paving, guttering and terracing said avenue," the taxbills were held to be void. [City of Kirksville ex rel. v. Coleman, 103 Mo. App. 215.] But in this case the resolution did specify the material for the pavement and that the paving was to be done in accordance with plans and specifications to be furnished by the city engineer. Section 5859, Laws of 1901, p. 65, does not provide that the plans and specifications shall be on file when

the resolution is passed, but only at the time the council lets the contract. The evidence, however, shows that it was before the council at that time although it was not marked filed. And that it was under consideration by the council on September 1st, seven days before the passage of ordinance numbered 489, providing for the paving of said street, in which the material and the plans and specifications for the work were fully set out. The resolution, when published, sufficiently advised the property-owners that plans and specifications would be prepared by the city engineer. That they were prepared and accessible to the property-owners in time for inspection and protest has been shown. The fact that they were not marked filed would not affect the validity of the taxbills. [Akers v. Kolkmeyer & Co., 97 Mo. App. 520.]

There is nothing in said section 5859 that requires, in express words, the resolution to mention the material or the plans and specifications for the improvement, but it may be that such is to be inferred from the following language: "And if a majority of the resident owners of the property liable to taxation therefor shall not, within ten days thereafter (that is, after the publication of the resolution), file with the clerk of the city their protests against such improvements, then this council shall have power to cause such improvements to be made, and to contract therefor. .. . ."

It is true, that it is said in City of Kirksville ex rel. v. Coleman, supra, that the council should state in its resolution in what manner it proposed to improve the street, but we are not to infer from the expression used that, if the resolution calls attention to the plans and specifications to be furnished by the city engineer, the resolution was defective in that respect. The plans and specifications being so referred to, became a part of the resolution.

The plaintiff makes two specific objections in his petition to the plans and specifications, viz.: First.

Because they were not on file when the resolution was passed; second, because the plans and specifications were not filed and approved by the council until September 8th, and the resolution was published first on August 26th.. As to the first point, it is sufficient to say that there is nothing in the statute that required the plans and specifications to be on file at the time the resolution was passed. There was evidence to show that they had been prepared and had at least been examined by the mayor. There was no necessity and no law requiring they should be on file until after the publication of the resolution. As to the second point; the evidence shows, as stated, that they were on file at least as early as the 1st day of September, though not marked "filed," which as has been said, did not affect the merits of the case. Besides, the statute does not require that they should be on file any specified number of days before the making of the contract for the work.

The resolution called for an improvement of the entire street, which would, of course, include the space between the tracks of the street railway in the street and one foot on the outside of the two outside rails of each track. But the resolution itself provides that the street railway company shall pay that part of the cost of the improvement. It is contended that the contract for that part of the work was done under a separate private contract and in a different and inferior manner from that of the other work. The ordinance for the improvement required that the railway company have certain parts of the streets mentioned in the resolution improved at the same time and in the same way the balance of the street was to be paved. In Stifel v. MacManus, 74 Mo. App. 558, it was held: "The contractor who has paved the street on each side of the railroad track ought not to be denied the right to enforce his taxbill by reason of the neglect of the city to perform its duty by enforcing the obligation of the railroad company." And a like

holding will be found in Springfield v. Weaver, 137 Mo. 650.

The evidence was, that soon after the contractor had got a part of his material on the ground to commence laying the pavement, the weather became cold and so continued all the winter with short intervals until the following spring when it became very rainy. It was shown that it was unsafe to lay concrete, the base for the pavement, during cold weather and that it was equally unsafe to lay it in wet weather and that the mayor and the city engineer requested the contractor to wait for a fitter time. The contention of the appellant is that bad weather does not excuse the contractor unless he provided against it in his contract. As a legal proposition, this is true. .[McQuiddy v. Brannock, 70 Mo. App. 535; Cochran v. Railway, 131 Mo. 607.] But the contract provided that the council might prolong the time for the completion of the contract, if it saw fit, for good cause. The council by ordinance at different times did prolong the time of the completion of the work and we must presume, as no cause was assigned for its so doing, it was on account of bad weather. At least, the council had the right to extend the time for completion of the work. [Hund v. Rackliffe, 192 Mo. 312.]

Lastly, plaintiffs contend that the work was not completed within a reasonable time. Where no time was specified in the ordinance, nor in the contract for the completion of the work, and the paving to be done was less than two-thirds of a mile, and the work was not completed for more than a year, it was held, that the work was not completed within a reasonable time. [Turner v. City of Springfield, 117 Mo. App. 418, 93 S. W. 867.] There does not appear to have been a sufficient excuse for the extraordinary delay and the court so holds. When the evidence showed that many days elapsed without any work being performed; that the contractor was negligent, careless and shiftless, spending much of his

time at other places in other pursuits; that he procured by ordinance, after the expiration of the time which was not shown to be unreasonble, an extension, but did not complete within the extended time; that no attention was given to the penalty imposed by the contract in the issuance of the taxbills, and none of the excuses offered for the delay are embraced within the terms of the contract, the taxbills should be cancelled. [Schibel v. Merrill, 185 Mo. 534.]

This case is somewhat different. The contractor commenced his work within the time fixed by the contract and was willing to go on and complete it notwithstanding the weather was unfit to do good work of the kind called for in the contract, and that he suspended work at the request of the mayor and the city engineer, and the council in order that the work should be good passed various ordinances from time to time to enable him to do his work in a satisfactory manner. The city authorities in extending his time were exercising the right it had wisely reserved under the ordinance for the benefit of the city and property-owner.

There is no complaint that the work of the contractor was. not good and in compliance with the contract. There was a full compliance by the contractor with all the provisions of the ordinance and the terms of his contract, and the judgment of the trial court ought to be upheld.

Affirmed. All concur.